CHARLES E. CLIFFORD and others, appellants from the decision of the County Commissioners of York County.

*Statute—construction of. "Disinterested person"—who is not.*

In the absence of the "written consent of the parties," a brother of the mother of one of the petitioners for the location of a highway cannot be appointed one of a "committee of three disinterested persons," on appeal, by the petitioners from the decision of the county commissioners in refusing to lay out the way.

ON EXCEPTIONS.

APPEAL from the decision of the county commissioners of this county, whereby they refused to locate a highway in Newfield, Limerick, and Waterborough, on the petition of the appellants.

The appeal was entered at January term, 1871, of this court, in the absence of the counsel for the town of Limerick, respondent, and at the suggestion of petitioners' counsel, who was one of the petitioners, a committee was appointed.

On the return of the notice and before the view, counsel for the respondent town of Limerick appeared before the committee and filed written objections to further proceedings, on the ground that one member of the committee was brother of the mother of Charles E. Clifford, one of the petitioners and appellants, and moved that further proceedings be discontinued, which motion was overruled by the committee and made part of their return. Thereupon the town of Limerick contested at length before the committee upon the merits of the petition.

The report of the committee, reversing the judgment of the commissioners in the whole, was made and filed at the May term of this court, 1871. The respondent town of Limerick, alone, appeared and moved the rejection of the report of the committee, because one of them was not disinterested, and no written consent given.

The presiding judge ruled that the relationship did not operate

as a disqualification, overruled the objection, and accepted the report, and the respondent alleged exceptions.

*L. S. Moore & H. H. Burbank,* for Limerick.

*Clifford,* for the appellants,

Contended that the exceptions should be dismissed for non-compliance with Rules of Court XVI. and XXI. *Maberry* v. *Morse,* 43 Maine, 176.

On the question of the disqualification, counsel cited *Groton* v. *Hurlburt,* 22 Conn. 178 ; *People* v. *Wheeler,* 21 N. Y. 82 ; *Clapp* v. *Foster,* 34 Vt. 580 ; *Bard* v. *Wood,* 30 Maine, 155 ; *Harkness* v. *Waldo Co. Com.* 26 Maine, 356 ; *Wilbraham* v. *Hampden,* 11 Pick. 322.

Petitioners are not parties litigant, but agents of the public. They have no private interest, distinct from the remainder of the public in same county, and if objection is good the appointment must be made of persons having no relatives in the county.

Costs are matters of discretion with the court in matters of appeal from decision of county commissioners, R. S. c. 18, § 39 ; and do not constitute a legal interest.

APPLETON, C. J.   The petitioners are interested in the result of their petition, else they would never have petitioned.   It is only because they are parties interested that they have the right to appeal.   As petitioners, they may be held responsible for costs, which liability constitutes an interest.

It is for the appellants to see that no one should be appointed on the committee, to whom there can be any legal objection, particularly when no other parties are present at the appointment.   *Friend* v. *Abbott,* 56 Maine, 262.

In cases of appeal from decision of county commissioners on petitions for laying, altering, or discontinuing any highway, the court may appoint a committee of three disinterested persons, etc.   R. S. 1857, c. 18, § 35 ; *Friend,* appellant, 53 Maine, 387.   The statute requires a disinterested committee.   In such case a relationship to

the party interested by consanguinity or affinity within the sixth degree, according to the rules of the civil law, or within the degree of second cousins inclusive, except by the written consent of the parties, will disqualify. R. S. c. 1, § 3, rule XXII. There was no written consent. Mr. Ayer was disqualified to act within the rule.

The objection to Mr. Ayer was made before the committee on the return of notice, by a written motion, which they overruled. In their return they refer to the motion and make it a part of the same. The objection taken is, therefore, apparent on the record. The presiding justice overruled it on the ground that the relationship in question did not operate as a disqualification, and accepted the report. In this there was error.        *Exceptions sustained.*

KENT, WALTON, DICKERSON, and BARROWS, JJ., concurred.